WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events LLC,<br><br>Plaintiff,<br><br>v.<br><br>William Benjamin Mayer, et al.,<br><br>Defendants. | No. CV-24-00887-PHX-ROS<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Strike portions of Defendants' Answer (Doc. 22, "Mot."). Defendants have filed a response (Doc. 27, "Resp."), to which Plaintiff has replied (Doc. 28, "Reply"). For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

**I.     Background**

On April 18, 2024, Plaintiff filed suit alleging Defendants violated federal commercial piracy laws. (Doc. 1, "Compl."). Defendants filed an Answer containing numerous allegations labeled as "Affirmative Defenses." (Doc. 19, "Answer" at 5, 6 ¶¶ 1-9). Also within the Answer are three requests for Rule 11 sanctions against Plaintiff and its counsel. (*Id.* at 4 ¶¶ 31, 37; 6 ¶ 3) ("Defendants assert that they are entitled to recover sanctions against Plaintiff and its counsel pursuant Rule 11, 28 U.S.C. § 1927, and the Court's inherent powers."). Plaintiff moves to strike the requests for Rule 11 sanctions and the affirmative defenses. Defendants oppose the Motion, arguing it is wasteful and "unnecessarily increases attorney's fees."

## II. Legal Standard

Federal Rule of Civil Procedure Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike 'is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]'" *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300 (D. Ariz. April 23, 2019) (quoting S*idney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Courts have discretion to grant or deny a motion to strike. *Sunburst Mins. LLC v. Emerald Copper Corp.*, 300 F.Supp.3d 1056, 1059 (D. Ariz. 2018). When ruling on a motion to strike, "the court should view the pleading in the light most favorable to the nonmoving party." *Hale v. Norcold Inc.*, No. CV-18-03597-PHX-SPL, 2019 WL 3556882, *4 (D. Ariz. Aug. 5, 2019).

"Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. Mar. 19, 2015) (internal quotation and citation omitted). Accordingly, courts generally will not grant a motion to strike unless the movant can show that the defense has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* "Motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1224 (S.D. Cal. 2010), *aff'd*, 768 F.3d 843 (9th Cir. 2014).

## III. Discussion

Plaintiff moves to strike the following portions of Defendants' Answer: (1) the references to, and request for, Rule 11 sanctions, and (2) the paragraphs labeled "Affirmative Defenses." For the reasons discussed below, the Court will strike the Rule 11 references, but not the affirmative defenses.

### A. Rule 11 Sanctions

Plaintiff asserts Defendants' references to Rule 11 "violate Rule 11 itself."

(Mot. at 2). To support its contention, Plaintiff cites to Fed. R. Civ. P. 11(c)(2) and *Holgate v. Baldwin*, 425 F.3d 671, 677-78 (9th Cir. 2005). Fed. R. Civ. P. 11(c)(2) provides, in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Further, the Ninth Circuit in *Holgate* emphasized the "stringent notice and filing requirements on parties seeking sanctions" in the 1993 Amendments to Rule 11. *Holgate*, 425 F.3d at 677. There, the Court reversed the sanctions award when the party requesting sanctions failed to comply with the Rule 11 safe harbor provision requiring the opposing party 21 days to first "withdraw or otherwise correct" the offending paper. *Id.* at 677-78 (quoting Fed. R. Civ. P. 11(c)(1)(A)).

Defendants argue their Answer—because it is a pleading rather than a motion—does not actively request the Court render an order for damages pursuant to Rule 11. (Resp. at 3). Instead, Defendants assert the purpose of these references was to put "Plaintiff on notice of [Defendants'] intention to seek damages under Rule 11 in a good faith effort to keep Plaintiff well-informed of Defendants' position and out of an abundance of caution to preserve all possible defenses and damages against Plaintiff." (*Id.* at 3-4).

Defendants' assertion contradicts the plain language of the Answer. In their prayer for relief, Defendants pray the Court "[e]nter an appropriate award of sanctions against Plaintiff and its counsel pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent powers." (Answer at 6 ¶ 3). Additionally, Defendants twice asserted "that they are entitled to recover sanctions against Plaintiff and its counsel pursuant Rule 11, 28 U.S.C. § 1927, and the Court's inherent powers." (*Id.* at 4 ¶¶ 31, 37). Defendants do more than place Plaintiff on notice of an intention to seek sanctions under Rule 11—they actively ask the

Court, albeit improperly, to enter Rule 11 sanctions against Plaintiff. Rule 11 and caselaw make clear the strict requirements for requesting sanctions. *See Holgate*, 425 F.3d at 677-78. A pleading is not the appropriate forum for such requests. *See* Fed. R. Civ. P. 11 1993 Amendment ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion."); *see generally Ernie Ball, Inc. v. Earvana, LLC*, No. EDCV060384FMCOPX, 2006 WL 4941831, at *2-3 (C.D. Cal. July 21, 2006) (striking prayer for attorneys' fees based on Rule 11 in defendant's counterclaim despite defendant's explanation "that it does not in fact seek sanctions under Rule 11, but merely references the rule because it plans to establish the frivolity of Plaintiff's claim by showing that Plaintiff failed to conduct an adequate pre-filing investigation as mandated by Rule 11" and noting "a party may not, in an opposition brief, assign a different meaning to a claim asserted in its original complaint").

As mentioned, the Court will not strike material absent the moving party's showing of prejudice, no possible relationship to the controversy, or confusing the issues. *See Contrina*, 94 F. Supp. 3d at 1182; *Ollier*, 735 F. Supp. 2d at 1224. Plaintiff has failed to show how Defendants' Rule 11 sanctions requests—while clearly inactionable and improper at this stage—are prejudicial to Plaintiff. However, the principal purpose of the safe harbor provision, in addition to promoting judicial efficiency, is to provide "notice for the protection of the party accused of sanctionable behavior." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337.2 (3d ed.). At this point, it is doubtful Plaintiff has actually been prejudiced by Defendants' Rule 11 sanctions request—especially since Plaintiff was warned about the possibility of sanctions in prelitigation correspondence with Defendant (Answer, Ex. B). But in the spirit of Rule 11's strict requirements tailored to prevent prejudicial behavior, the Rule 11 sanctions requests in the Answer will be stricken. Moreover, the requests certainly confuse the issues. It is unclear from the plain language of the Answer what Defendants sought to accomplish by making these assertions, given the Court's confidence in defense counsel's

familiarity with the procedural requirements of Rule 11. Accordingly, the Court will grant Plaintiff's motion to strike the Rule 11 sanctions requests from Defendants' Answer.

### B. Affirmative Defenses

Plaintiff further asserts Defendants' affirmative defenses fail because they are "devoid of any factual underpinnings" and do not provide "fair notice." (Mot. at 3-4). Plaintiff concedes the District of Arizona "has consistently held the *Twombly* pleading standard does not apply to affirmative defenses" and argues the Court should apply Ninth Circuit authority, regardless of whether *Twombly* applies to affirmative defenses.[1] (Mot. at 3) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) and *Outdoor Recreation Grp. v. Schude*, No. CV214828MWFPLAX, 2021 WL 6804245, at *2 (C.D. Cal. Nov. 30, 2021))

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. "[A]n affirmative defense is legally insufficient only if it clearly lacks merit under any set of facts the defendant *might* allege." *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (emphasis added). In *Outdoor Recreation Group*, the Central District of California held that while a "high level of specificity" may not be required, "[f]air notice still requires

---

[1] This Court has previously discussed the split among federal courts regarding the issue of whether *Twombly* applies to affirmative defenses. *Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899, at *2 (D. Ariz. June 24, 2016). In *Craten*, the Court held "the text of Rule 8(c)(1) and fairness considerations compel the conclusion that *Twombly* and *Iqbal* do not govern pleading affirmative defenses." *Id.* This is because Rule 8(c) governing affirmative defenses—unlike subsections (a) and (b) governing claims for relief and defenses, respectively—does not explicitly require a "short and plain" statement that formed the basis for *Twombly* and *Iqbal*; subsection (c) merely requires a party to "affirmatively state" any affirmative defense. *Id.* Further, notions of fairness support this interpretation. As explained in *Craten*:
> Plaintiffs and defendants are not similarly situated at the pleading stage. For example, plaintiffs have the entire statute of limitations period to investigate their claims, thereby enabling them to allege specific facts in their complaints. Once served, however, defendants typically have only 21 days in which to file responsive pleadings. Fed. R. Civ. P. 12(a). Requiring defendants to allege affirmative defenses with the same level of factual specificity as plaintiffs allege claims would require a similar pre-suit investigation in a much shorter window of time. Such a result would impose an unreasonable and asymmetric burden, and increase the risk that defendants will waive potentially meritorious affirmative defenses.

*Id.* at 3.

some factual allegations sufficient to identify the factual grounds of an affirmative defense." *Outdoor Recreation Grp.*, 2021 WL 6804245, at *2 (striking defendants' affirmative defenses on the basis that they did not provide any factual support for their asserted affirmative defenses). However, as the *Craten* order specifically noted, and as the Court here adopts, fair notice does not require the pleading of specific factual allegations. *Craten*, 2016 WL 3457899, at *3 (citing *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011)) ("[A]pplying the concept of notice to require more than awareness of the issue's existence imposes an unreasonable burden on defendants who risk the prospect of waiving a defense at trial by failing to plead it...and have a short amount of time to develop the facts necessary to do so[.]"); *see supra* p. 5, n.1.

Interestingly, even though *Outdoor Recreation Grp.* belongs to the line of cases this Court deviates from, the Court highlights the apparent cognitive dissonance experienced by Judge Fitzgerald between his decision and his personal observations. "Dropping the third person for a moment," Judge Fitzgerald remarked in the end of his order:

> I'm not thrilled by the Motion or, indeed, my own ruling. As counsel know perfectly well, the affirmative defenses here are typically what are pled in district court. The understandable desire of defense counsel is not to leave something out. This Motion could probably have been brought against 99% of the answers filed in this year in the Central District. They certainly are what got filed when I was at Corbin, Fitzgerald & Athey LLP. What Rule 8 technically requires and what lawyers actually do don't line up – we all know that. It will get dealt with in the Final Pretrial Conference Order or in the jury instructions. I hope all counsel will focus in the future on something that matters.

*Outdoor Recreation Grp.*, 2021 WL 6804245, at *3. The Court disagrees with Judge Fitzgerald regarding the technical requirements of Rule 8; however, his commentary underscores the baselessness and frivolity of filing such motions to strike affirmative defenses when they are not prejudicial to the moving party. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (stating that motions to strike where the material is not "actually prejudicial" "are what give 'motion practice' a deservedly bad name."); *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. Sept. 30, 2008) ("There is

nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time."); *E.E.O.C. v. Joe Ryan Enterps., Inc.*, 281 F.R.D. 660, 664 (M.D. Ala. 2012) ("[T]he Court is hesitant to create precedent whereby it is obligated to pick through a defendant's affirmative defenses at this stage of the litigation. The parties control the discovery process, and [the Plaintiff], as a sophisticated party, should be able to hone in on those affirmative defenses of [Defendants] that may actually become relevant in a dispositive motion or at trial.").

Having set forth the applicable legal standard, the Court will analyze, in turn, the sufficiency of each paragraph in the "Affirmative Defenses" section of the Answer.

### 1. Failure to State a Claim (Paragraph No. 1)

Defendants first paragraph alleges "the Complaint, and each claim for relief set forth therein, fails to state a claim upon which relief can be granted." (Answer at 5 ¶ 1).

Plaintiff argues failure to state a claim is not a proper affirmative defense, but rather an allegation of a defect in Plaintiff's Complaint. The Court will not strike this portion of the Answer because it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues. *See Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-PGR, 2014 WL 11515631, at *12 (D. Ariz. Sept. 9, 2014) ("although it is not technically an 'affirmative' defense, the inclusion of such a defense in the pleadings does not prejudice the plaintiff"); *see also Valley Community Bank v. Progressive Cas. Ins. Co.*, 2011 WL 1833116 (N.D. Cal. 2011) (allowing a defendant to include the failure to state a claim as a defense is consistent with the Federal Rules of Civil Procedure); *see also Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 WL 1075059, at *2 (D. Ariz. Mar. 22, 2017) ("There is no need, however, to engage in a lengthy and fine-grained analysis over whether each of the purported affirmative defenses is best characterized as an affirmative defense or a negative defense or denial. The mislabeling of defenses as affirmative rather than negative is not grounds for striking those defenses.").

///

2. <u>Joinder/Necessary and Indispensable Parties (Paragraph No. 2)</u>

Defendants second paragraph alleges "there may be a lack of joinder of one or more indispensable parties who should and must be joined and, without joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action." (Answer at 5 ¶ 2).

Plaintiff argues lack of joinder is not an affirmative defense and Defendants fail to identify the indispensable parties. The Court will not strike this portion of the Answer because it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues. Plaintiff can glean enough facts from the parties' prelitigation communications to understand Defendants' position. Moreover, even if the factual underpinnings are not clear from the circumstances, this is the purpose of discovery. *See Hamilton*, 2014 WL 11515631, at *12 (denying to strike joinder defense); *see also Craten*, 2016 WL 3457899, at *3 (denying to strike affirmative defenses because "[d]iscovery will help refine the basis of the parties' claims and defenses").

3. <u>Payment/Setoff/Accord and Satisfaction (Paragraph No. 3)</u>

Defendants' third paragraph alleges "[t]o the extent Plaintiff has received payment from any individual or entity in partial or full satisfaction of any of their alleged injuries and/or claims against Defendants and/or any other alleged parties, the Complaint is barred by the defenses of payment, setoff, and/or accord and satisfaction." (Answer at 5 ¶ 3).

Plaintiff argues these three defenses require some previous transaction between the parties that Defendants have failed to state. For the same reasons as stated above, the Court will not strike this portion of the Answer because it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues. The factual underpinnings are sufficiently clear, and alternatively, they may be revealed in discovery.

4. <u>Comparative Fault (Paragraph Nos. 4 and 5)</u>

Defendants' fourth and fifth paragraphs allege "Plaintiff's injuries and damages, if any, may have been caused or contributed to by the negligence, carelessness, inattention, or otherwise wrongful or negligent acts of third-parties, entities, businesses, corporations,

or their agents or employees over whom Defendants has [sic] no control or right of control; therefore, Plaintiff's damages should be reduced or eliminated by its own percentage of negligence and fault or the negligence or fault of a third-party under the doctrine of comparative fault" and "Plaintiff's damages, if any, must be reduced by the comparative fault of other persons, including responsible non-parties pursuant to A.R.S. § 12-2501 et seq." (Answer at 5 ¶¶ 4, 5).

Plaintiff argues neither of its claims relate to negligence and consequently, these defenses are immaterial and impertinent. The Court need not determine, at this stage, whether a successful comparative fault defense could or would result in a reduction of damages. Accordingly, the Court will not strike this portion of the Answer because it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues—even if the defense may become immaterial or impertinent.

5. Denials (Paragraph Nos. 6 and 7)

Defendants' sixth and seventh paragraphs allege "Plaintiff's claims are barred, in whole or in part, because Defendants does [sic] not conduct any business at the property relevant to Plaintiff's claims, identified as 5307 W. Glendale Ave., Glendale, AZ 85301, and did not conduct any business at 5307 W. Glendale Ave., Glendale, AZ 85301 on April 22, 2023" and "Plaintiff's claims are barred, in whole or in part, because Defendants have no affiliation with 'Dealership Venue.'" (Answer at 5-6 ¶¶ 6, 7).

Plaintiff seeks to strike these paragraphs because they are not technically "affirmative" defenses. The Court will not strike this portion of the Answer because it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues. *See Ventures Edge Legal PLLC*, 2017 WL 1075059, at *2 ("The mislabeling of defenses as affirmative rather than negative is not grounds for striking those defenses."). Indeed, paragraphs six and seven provide Plaintiff with factual underpinnings. Thus, Plaintiff's argument is irreconcilable with Plaintiff's claim that it has suffered because Defendants failed to allege enough facts.

///

      6.   Reservation (Paragraph No. 8)

Defendants' eighth paragraph alleges "Defendants preserves [sic] and does not knowingly or intentionally waive, any of the other affirmative defenses set forth in Arizona Rules of Civil Procedure 8 or 12(b), or as recognized in statute or in common law, which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense."  (Answer at 6 ¶ 8).

Plaintiff seeks to strike this paragraph because it erroneously references the Arizona Rules of Procedure instead of the Federal Rules of Procedure and is otherwise improper. The Court will not strike this portion of the Answer because it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues.  *See G&G Closed Cir. Events LLC v. Barajas*, No. CV-19-05145-PHX-DLR, 2020 WL 1659903, at *2 (D. Ariz. Apr. 3, 2020) (denying to strike reservation paragraph because, while meaningless and unnecessary, is it not prejudicial).  Plaintiff admits Rule 12(b) of the Arizona Rules of Civil Procedure and the Federal Rules of Civil Procedure are identical.  Defense counsel is reminded of its duty of diligence; however, the Court is not tasked with line-by-line scrutiny of parties' pleadings absent clear prejudice.

      7.   Qualification (Paragraph No. 9)

Defendants' ninth paragraph alleges,

> [A]fter appropriate discovery, the following affirmative defenses may be applicable: lack of formation, lack of consideration, lack of material reliance, novation, lack of privity, lack of breach, unjust enrichment, parol evidence, second material breach, substantial compliance, prevention of performance, no causal nexus, failure to act in a commercially reasonable manner, failure of a condition precedent, quantum meruit, offset, unclean hands, set off, frustration of purpose, fair notice, mistake or mistaken belief, set off, intervening or superseding event, impossibility or impracticability, abatement, estoppel, waiver, release, payment, laches, in pari delicto, failure to plead with particularity, estoppel, and res judicata. The extent to which Plaintiff's claims may be barred, in whole or in part, by one or more of the foregoing affirmative defenses cannot be determined until Defendants have an opportunity to complete discovery.

(Answer at 6 ¶ 9).

Plaintiff again argues these reserved/preserved defenses are inapplicable or redundant. Again, and for the same reasons as stated above, the Court will not strike this portion of the Answer because it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues. *See Barajas*, 2020 WL 1659903, at *2. Defendants have made clear their intention to flesh out the applicable defenses in discovery.

**IV.    Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Motion to Strike the Rule 11 references in Defendants' Answer and deny the Motion as to the affirmative defenses. As emphasized throughout this Order and in many federal courts, parties should not file motions to strike that are frivolous and do not have any practical effect on the litigation. Not only do they needlessly increase attorneys' fees, but they waste judicial resources on unimportant matters. In the wise words of Judge Fitzgerald, the Court hopes counsel will focus in the future on something that matters.[2]

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to strike portions of Defendants' Answer (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**. The references to Rule 11 in Defendants' Answer (Doc. 19) are **STRICKEN**.

Dated this 21st day of October, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[2] Plaintiff's Counsel has appeared before the District of Arizona, and particularly this Court, on numerous occasions. Informal sanctions have previously been imposed. *See, e.g., J & J Sports Productions Inc. v. de la Torre*, No. CV-12-01044-PHX-ROS, Doc. 29.